**COMSTOCK, Plaintiff-Appellant v. SMITH, Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 3660.   Decided October 5, 1943.

James M. Hengst, Columbus, for plaintiff-appellant.
Tussing & Lane, Columbus, for defendant-appellee.

**OPINION**

By GEIGER, J.

This is an appeal on questions of law from a judgment on behalf of the defendants entered by the Common Pleas Court of Franklin County, Ohio.

The action was for declaratory judgment arising out of the operation of an escrow agreement, which was carried out on

June 24, 1940, at which time the appellee paid to The Guarantee Title & Trust Company, an escrow agent, the sum stipulated in an agreement between the parties, and thereupon received certain deeds held in escrow. This delivery of the deeds took place prior to the time stipulated for the performance in the escrow agreement, and the question before the Court is whether the appellee is obliged to pay plaintiff either rental or interest.

The petition sets out a long-continuing relationship between the parties. On April 4, 1922, Minnie Shinnick and Arthur L. Smith entered into a lease whereby Minnie Shinnick leased to Smith certain real estate for a period of ten years expiring in 1932, with an option to purchase on or before April 1 1932, for $50,000.00. In 1932 Smith exercised the option to purchase and in pursuance thereof the parties deposited all necessary deeds with the Guarantee Title & Trust Company, $1000.00 being paid in cash leaving a balance of $19,000.00 to be paid in cash without interest, and the sum of $30,000.00 to be paid in the form of a note and mortgage. There were further extensions of time and partial payments made on the cash consideration, whereby there was a balance of $18,500.00 remaining unpaid without interest.

In 1934 the parties entered into a supplemental agreement whereby the term during which the defendant Smith was to purchase the said property and receive the deed was extended until December 31, 1941, and the total purchase price was changed from $50,000.00 to $45,000.00. The payment of $2500.00 cash was acknowledged leaving a balance of the amended purchase price as $42,500.00, and Smith agreed to pay the balance of the cash payment, being $14,500.00, in instalments without interest. A new note was deposited with the Trust Company for $28,000.00 to replace the original note for $30,000.00 under the first escrow agreement. Said note provided for interest at six percent per annum from December 31, 1941, and said lease was extended to December 31, 1941, with certain modifications.

In 1940 Smith elected to comply with the terms of the escrow agreement and paid to the trust company all instalments to be paid by defendant to December 31, 1940. It is alleged that since June 24, 1940, the defendant has failed to pay plaintiff instalments provided in said lease and has refused to pay plaintiff interest on said $28,000.00 from July 1, 1940, to and including December 31, 1941. Plaintiff claims that the defendant will either owe her $1500.00 in instalments to be paid

356

December 20, 1940, and June 20 and December 20, 1941, or $2500.00 with interest at six per cent upon $28,000.00 from July 1, 1940, to December 31, 1941. Plaintiff prays for declaratory judgment determining the rights of the parties as to any amount owing plaintiff from defendant from July 1, 1940, to and including December 31, 1941, and for other relief.

An answer by defendant and reply by plaintiff were filed, neither of which need be more definitely detailed.

On June 10, 1942, the Court below announced a decision which so completely meets with our approval that we adopt it in toto as our own opinion. In this opinion the Court states that he is of the opinion that a merger was effected on June 24, 1940, when defendant received a deed for the premises, which merger having been effected, the legal title being in the defendant, all obligations to pay rent under the terms of the lease terminated as of the date when defendant acquired title and nothing is therefore due from defendants to plaintiff as rent under the lease. The Court states that it is further his opinion "that the plain and unequivocal language of the note is a complete answer to plaintiff's contention that there is interest due from July 1, 1940, to December 31, 1941. The note is specific that it only drew interest at six per cent from December 31, 1941, and no interest therefore could be collected before that time. The defendant under the terms of the agreement could pay the sum of $14,500.00 and receive his deed prior to December 31, 1941, and when he did so there was no obligation to pay interest before December 31, 1941, which was the specific date set forth in the note for interest to start."

The Court holds that the plaintiff's petition be dismissed.

The assignments of errors on the part of the appellant are:

(1) The Court erred in holding that the doctrine of merger applies.

(2) The Court erred in holding that the defendant owed nothing for the use of $28,000.00 from June 1, 1940, to December 31, 1941.

(3) The Court's finding is contrary to the evidence.

We have read the brief of counsel and have given it our consideration, but are of the opinion that the Court below correctly stated and determined the case.

Judgment will be affirmed.

BARNES, P. J., and HORNBECK, J., concur.